UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KATHLEEN TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 21-317-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DISH NETWORK, LLC, | ) | **SCHEDULING ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court being sufficiently advised, it is hereby

**ORDERED** that the following schedule is adopted for resolution of this matter:

(1) Within **14 days** from this date, the parties shall exchange information required by Rule 26(a)(1) which has not been previously exchanged. These disclosures need not be filed in the record.

(2) No later than **September 15, 2022**, the plaintiff shall disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2).

No later than **September 30, 2022**, the defendant shall disclose the identity of expert witnesses who may be used at trial and written reports by the experts as required by Rule 26(a)(2).

If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B),

the party shall disclose such experts and written reports within thirty (30) days after the disclosure made by the other party.

(3)     Supplementation under Rule 26(e) shall be due within thirty (30) days of the discovery of new information, but by no later than thirty (30) days prior to the close of discovery.  All testing or examination relied upon by any expert witness shall be completed and disclosed by the date of the particular expert's deposition.  Additionally, at the time expert reports and supplementation of the report are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty (30) days shall be provided.

(4)     No later than **November 30, 2022**, the parties shall complete all discovery (with discovery requests served in a manner calculated for responses compliant with this deadline).

(5)     Pursuant to 28 U.S.C. § 636(b)(1)(A), all discovery disputes are referred to the United States Magistrate Judge selected by random draw.  Discovery disputes shall be resolved in the following manner:  (1) parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the United States Magistrate Judge; (3) if, and only if, the parties are unable to resolve their disputes after conference with the United States Magistrate Judge, they may file appropriate written motions with the Court.  Any written motion regarding discovery shall include the certification required by Rule 37(a)(1), if applicable.

(6)     ***All motions for extensions of time shall be referred to the undersigned for disposition.  The parties are advised in advance that such motions are not favored and must be accompanied by a memorandum and affidavit of counsel outlining sufficient grounds for granting the relief sought.***

(7) The parties may not, by agreement, extend any of the deadlines set forth in this Scheduling Order. Likewise, the parties may not, by agreement, extend any deadline for responding to motions as required by Local Rule 7.1(c). Extensions regarding these matters require approval of the Court.

(8) The parties shall file any motions to amend pleadings and/or join additional parties on or before **May 31, 2022**.

(9) No later than **December 29, 2022**, the parties shall file all dispositive motions and *Daubert* motions. Subject to the limitations outlined in paragraph (7) above, briefing shall be governed by the local rules for civil practice.

(10) On or before **March 27, 2023**, counsel shall file, submit to the Court's chambers, and provide to opposing counsel, the following:

(a) pursuant to Rule 26(a)(3)(A)(i), a witness list with a brief summary of the expected testimony of each witness; pursuant to Rule 26(a)(3)(A)(ii), the witness list shall include the designation of those witnesses whose testimony is expected to be presented by deposition with reference to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list;

(b) pursuant to Rule 26(a)(3)(A)(iii), a list of exhibits intended to be used at trial; and

(c) a pretrial memorandum containing a succinct statement of the facts of the case, the questions of fact, the questions of law, expected evidentiary objections, and a listing of all pending motions. The pretrial memorandum shall also indicate the progress of

the case and status of settlement negotiations; the likelihood of settlement; and the feasibility of alternative dispute resolution.

(11)   On or before **March 27, 2023**, counsel shall pre-mark and number all exhibits in accordance with Rule 83.10 of the Joint Local Rules for the United States District Courts for the Eastern and Western Districts of Kentucky, and provide to opposing counsel, copies of all such exhibits and of all demonstrative aids intended to be used at trial.

(12)   On or before **April 3, 2023**, counsel shall file with the Clerk and shall submit to the Court, Agreed Proposed Jury Instructions with supporting authorities.  If the parties cannot agree on certain instructions, counsel shall file with the Clerk, submit to the Court, and provide to opposing counsel, their separately proposed instructions with supporting authorities.  Failure to submit proposed jury instructions within the time provided may result in cancelation of the trial.

(13)   On or before **April 3, 2023**, counsel shall file with the Clerk, submit to the Court, and provide to opposing counsel, any objections to the use of depositions or to the admissibility of exhibits pursuant to Rule 26(a)(3)(B).  Objections not then disclosed, other than objections based on Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

(14)   The above listed pretrial filings may be submitted to the undersigned at *reeves_chambers@kyed.uscourts.gov*.  This e-mail address is not intended for *ex parte* conversations or communications with the Court, either by parties or counsel.  Likewise, the parties may not make arguments regarding their respective positions in connection with materials submitted to this e-mail address.

(15) No later than **April 3, 2023**, the parties shall submit to the Court's chambers a copy of each exhibit.

(16) This action is assigned for a jury trial, on **Tuesday, April 18, 2023**, beginning at **9:00 a.m.**, at the United States Courthouse in Lexington, Kentucky, with counsel to be present at **8:30 a.m.** The estimated length of trial is two days.

(17) The parties may request a pretrial conference if desired.

(18) *The parties are directed to file a joint status report the first Monday of each month.* Separate or individual status reports are not permitted. The status reports shall summarize the activities in the case for the preceding thirty (30) days. Status reports should include activities in the case, as opposed to merely summarizing items appearing on the docket sheet. *Failure to timely comply with this requirement shall result in the matter being set for a status conference, requiring the attendance of counsel and the parties.*

(19) The parties are directed to use the services of a private mediator in the event they seek to mediate their dispute.

Dated: May 13, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky